It appears, from what is substantially an agreed statement of facts, that on November 4, 1903, the Commissioners of Cuyahoga County granted the petition of residents of a certain portion of what had been Dover township to become a distinct township, under the name of the township of Bay. Previous to that time, to-wit, on May 19, 1903, the trustees of Dover township had made a levy upon all the property within the limits of the then Dover township. This levy included five items: for township purposes, for poor purposes, for cemetery purposes, for library purposes, and for ditch purposes, amounting in all to 2.3 mills upon the property of the township. Under this levy there was collected by the treasurer of Cuyahoga county $1,444, and $557.38 of this was paid by what is now the township of Bay, or rather by the property owners residing *590 therein or having real estate therein. On March 19, 1904, the treasurer of Cuyahoga county turned over to the treasurer of Dover township all of these moneys, and now the township of Bay comes in and asks, in substance, that the treasurer of Dover township turn over to the proper officers of Bay township the portion of these taxes which was paid by Bay township, or rather by its property owners, to-wit, the $557.38.
It appears that the only express language relating to this subject is Section 1377, Revised Statutes, in which it is provided that, in case a township is divided and a new township or townships established, “the funds in the treasury * * * shall be apportioned to the * * * new townships established, to the extent the same were collected from the territory attached or established into a new township.”
It is earnestly and ingeniously contended by the defendants that the phrase “funds in the treasury” means funds actually and tangibly in the treasury on the 4th day of November, 1903, and that that is what the Legislature meant, and that, if they had intended to apply the rule not only to those in the treasury at the time, but also to those in process of collection, they would have said so expressly, as shown by the fact that in certain other eases they have used the double phrase, substantially, “funds in the treasury and in process of collection.”
This court is of opinion that one can not interpret correctly the statutes of Ohio in that way. The statutes of Ohio do not constitute a treatise on mathematics, or any exact science. They are a piece of patchwork, made at different times and drawn by different persons, and language can never be examined with great refinement in order to determine what the Legislature actually meant; and this court is of opinion that the phrase “funds in the treasury” should be liberally construed, having in view the subject matter, and, in that view, is of the opinion that it may be fairly construed to include not only those actually and tangibly in the treasury, but also those that are potentially therein, by means of a levy which had already been put into operation to bring funds into the treasury.
Independently of this construction of the statute, the court is of opinion that the rights of the people of Bay township are *591 superior, in the case of these funds, to that which they would be in the case of funds in the treasury before the time of separation. It seems settled that, when a division of a township or a county takes place, and the statute is silent on the subject of what shall be done with the debts, or the funds, then existing, the old public corporation is liable for the debts and retains the funds.
W. 0. Matthews, for relator.
Stage, Armstrong & Cannon, County Solicitors, for defendants.
But I am not of opinion that that rule would apply in this present case. There was at one time a Dover township. On the 4th of November, 1903, Dover township ceased to exist. There is no such body corporate as Dover township, such as the one which existed previous to that time. There are now two organizations, named respectively Dover township and Bay township, carved out of the old Dover township. The plain fact is that subsequent to that time the people of Bay township and the people of the new Dover township paid certain funds into the treasury for the maintenance of their respective public institutions, and that it was held in the treasury of this county for those purposes, and it was paid in here for the respective purposes of those respective townships. This court is of opinion that the treasurer of this county might have refused to pay to the treasurer of Dover township all of this money, and he might have come in here and asked the court to order a division. It seems to this court that the treasurer of this county paid that money by mistake when he turned it over to George L. Cooley, treasurer of Dover township. It is money that was paid by the people of the township of Bay, and was paid for township purposes; that is, their own township purposes, and for the support of their poor, and their cemeteries, and their libraries, and their ditches, not for the support of the new township of Dover any more than for the support of the township of Parma, or the township of Mayfield, or any other public corporation foreign to the township of Bay.
Demurrer to petition overruled. Defendants not desiring to plead further, judgment is entered for plaintiff.